**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02540-NYW

JUAN REINALDO RIVERA, a/k/a SANTOS AMADOR RIVERA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents filed a Response to the Petition, 2026, [Doc. 11], and Petitioner has replied, [Doc. 12]. For the reasons herein, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Juan Reinaldo Rivera, also known as Santos Amador Rivera ("Petitioner" or "Mr. Rivera"), is a citizen of Honduras who most recently entered the United States in 2013. [Doc. 1 at ¶¶ 3, 26].[1] In Honduras, he "suffered torture and

---

[1] Mr. Rivera entered the United States in 1993 "and departed without incident." [Doc. 1 at ¶ 26]. He re-entered the United States in 1998 using the false identity of Santos Amador Rivera and received temporary protected status, but he was ordered removed *in absentia*. [*Id.*]. In 2005, Petitioner was removed to Honduras based on the 1998 removal order. [*Id.*].

persecution at the hands of Honduran authorities." [*Id.* at ¶ 26]. In September 2013, Mr. Rivera was granted withholding of removal to Honduras, and after seven months of detention, he was released from DHS custody under an Order of Supervision ("OSUP"). [*Id.* at ¶¶ 3, 27].

Mr. Rivera remained under the OSUP until May 12, 2026, when he was detained by ICE in Miami, Florida. [*Id.* at ¶ 3]. He is currently detained at the ICE Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶ 4]. Petitioner asserts that he has not been notified of the reasons why he was detained. [*Id.*]; *see also* [*id.* at ¶ 24 ("ICE re-jailed [Petitioner] on May 12, 2026 without notice or an opportunity to be heard. . . . Since being reincarcerated, ICE has not provided Mr. Rivera with the process he is due.")].

Petitioner brings six claims challenging the lawfulness of his detention: (1) one claim under the Immigration and Nationality Act ("INA") arguing that there is no statutory basis for his detention, [*id.* at ¶¶ 43–47]; (2) one claim based on *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing that his detention is impermissibly indefinite, [Doc. 1 at ¶¶ 90–92]; (3) a substantive due process claim based on the revocation of his OSUP, [*id.* at ¶¶ 93–97]; (4) a procedural due process claim based on the revocation of his OSUP, [*id.* at ¶¶ 98–100]; (5) a claim under the Administrative Procedure Act ("APA"), [*id.* at ¶¶ 101–03]; and (6) a claim under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), [Doc. 1 at ¶¶ 104–09]. He seeks, among other things, a writ of habeas corpus ordering that he be released from custody. [*Id.* at 28].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept.

2

16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

A court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687–88).

## ANALYSIS

Mr. Rivera argues that his detention is unlawful because ICE violated its own regulations—and his procedural due process rights—by failing to provide notice of revocation of his release and an opportunity to be heard regarding the same. [Doc. 1 at ¶¶ 99–100]. Because the Court finds that Petitioner is entitled to habeas relief on this claim, it does not address his remaining arguments. *See Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *1 (D. Colo. Dec. 4, 2025); *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

Under 8 C.F.R. § 241.4, a noncitizen's supervised release may be revoked if the noncitizen violates the conditions of their supervision, 8 C.F.R. § 241.4(l)(1), or if:

(i) The purposes of the release have been served;

(ii) The [noncitizen] violates any condition of release;

(iii) It is appropriate to enforce a removal order or to commence removal proceedings against [a noncitizen]; or

3

(iv)   The conduct of the [noncitizen], or any other circumstance, indicates that release would no longer be appropriate.

*Id.* § 241.4(l)(2).  The regulations require that, "[u]pon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release or parole" and "will be afforded an initial informal interview promptly after his or her return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.4(l)(1).[2]

Section 241.13 also provides "[a]dditional special review procedures" that apply to noncitizens "'subject to a final order of removal and . . . detained under the custody review procedures provided at § 241.4 after the expiration of the removal period' when the noncitizen provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future."  *Virachak v. Baltazar*, No. 26-cv-00391-STV, 2026 WL 746285, at *3 (D. Colo. Mar. 17, 2026) (quoting 8 C.F.R. § 241.13(a)).  Noncitizens detained under this section may have their supervision revoked if they violate the conditions of their release, 8 C.F.R. § 241.13(i)(1), or if "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," *id.* § 241.13(i)(2).  This regulation similarly requires that the noncitizen "be notified of the

---

[2] Although these notice provisions are contained in § 241.4(l)(1), but not § 241.4(l)(2), courts "have interpreted section 241.4(l) as requiring an informal interview upon the revocation of release regardless of the reason for the revocation," *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 163 (W.D.N.Y. 2025) (collecting cases), "meaning that the notice and interview requirements stated in § 241.4(1)(1) also apply to revocation under § 241.4(1)(2)," *Banega v. Warden of Soft Side S. Facility*, No. 2:25-cv-01152-JES-DNF, 2026 WL 234042, at *3 (M.D. Fla. Jan. 29, 2026); *see also Valera v. Baltazar*, No. 26-cv-02481-PAB, 2026 WL 1842662, at *2 (D. Colo. June 26, 2026) (interpreting notice and interview requirements to apply to revocation under § 241.4(l)(2)).  Indeed, Respondents do not argue that the notice and interview requirements are inapplicable to Petitioner's revocation.  *See* [Doc. 11 at 6–9].

4

reasons for revocation of his or her release" and be given an "informal interview promptly after his or her return to . . . custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3).

The Petition references the procedural requirements contained in both § 241.4 and § 241.13. *See* [Doc. 1 at ¶¶ 50–51]. The Response relies only on § 241.4(l)(2), arguing that "ICE may revoke release where, among other things, the purposes of release have been served; it is appropriate to enforce a removal order; or there is a change in circumstances." *See* [Doc. 11 at 6–7 (citing 8 C.F.R. § 241.4(l)(2))]. Moreover, Respondents do not argue that Petitioner violated the conditions of his supervision, such that revocation was proper under § 241.4(l)(1). *See* [*id.*]. The Court thus infers that Respondents revoked Petitioner's OSUP pursuant to § 241.4(l)(2). *Cf. Virachak*, 2026 WL 746285, at *3–5 (analyzing similar claim using the framework of § 241.4 where it was unclear under which regulation the petitioner's OSUP was revoked and "Respondents seem[ed] to indicate that the proper regulation to be considered [was] 8 C.F.R. § 241.4").

Mr. Rivera argues that his OSUP was revoked in contravention of § 241.4's procedural requirements. Specifically, he asserts that ICE did not "provide [him] with any process related to its decision to revoke his OSUP and re-jail him," "provide him with notice for reasons his OSUP was revoked," or "provide him with an interview after re-jailing him to respond to the purported reasons for re-jailing him." [Doc. 1 at ¶ 99].

Notably, Respondents do not dispute Petitioner's contentions or argue that they complied with the regulation's requirements. *See* [Doc. 11]. Nor do Respondents submit any evidence that Petitioner was given notice of the revocation or an initial informal interview. *See* [*id.*]. Instead, Respondents argue that "Petitioner has not shown that,

5

even if there has been some deviation from the procedures set forth in 8 C.F.R. § 241.4(l)(2), such a deviation would amount to a due-process violation." [*Id.* at 6]. This argument ignores the breadth of case law, including from this Court, determining that noncompliance with the procedural requirements is § 241.4 does, indeed, amount to a due process violation. *See, e.g.*, *Izquierdo Navarro v. Bondi*, No. 25-cv-04210-NYW, 2026 WL 468582, at *3 (D. Colo. Feb. 18, 2026); *Virachak*, 2026 WL 746285, at *5; *Valera v. Baltazar*, No. 26-cv-02481-PAB, 2026 WL 1842662, at *2 (D. Colo. June 26, 2026); *Kumar v. Mullin*, No. 26-cv-01264-WJM, 2026 WL 1139601, at *4 (D. Colo. Apr. 24, 2026).

In the alternative, Respondents argue that "Petitioner has not shown prejudice from any [due process] violation, as he must." [Doc. 11 at 6–7]. This argument is unpersuasive. Mr. Rivera "has surely been prejudiced by Respondents' two-month long failure to adhere to their own procedures, which has in turn 'deprived [him] of the opportunity to challenge the reasons for his detention'—to say nothing of the deprivation of his liberty during that time period." *Kumar*, 2026 WL 1139601, at *4 (quoting *Virachak*, 2026 WL 746285, at *3); *see also Nguyen v. Archambeault*, No. 25-cv-04107-SHD-ASB, 2025 WL 3250922, at *1 (D. Ariz. Nov. 21, 2025) ("Respondents' failure to comply with the governing regulation is prejudicial in that, if the regulation had been followed, Petitioner would have had a meaningful timely opportunity to no longer be detained.").

Because Respondents do not contest Petitioner's assertions that (1) "ICE did not provide [Mr. Rivera] with advanced notice of its intent to revoke his OSUP," (2) ICE "did not provide him with an interview after re-jailing him to respond to the purported reasons for re-jailing him," and (3) "the person that revoked Mr. Rivera's OSUP was not a delegated authority to revoke an OSUP," [Doc. 1 at ¶¶ 31–32, 99], or provide any

evidence that the requirements of § 241.4 have been satisfied, the Court finds that Respondents have violated Petitioner's due process rights, *see Virachak*, 2026 WL 746285, at *5 ("Given that Respondents have not been provided the Court with any documentation of the revocation of Mr. Virachak's supervised release, nor any information as to who authorized a revocation or for what reason, the Court finds that Respondents have failed to follow the regulations outlined in 8 C.F.R. § 241.4(l) and thus have failed to afford Mr. Virachak due process."). The Petition is, therefore, **GRANTED** to the extent it asserts a procedural due process violation based on Respondents' failure to adhere to the required processes in revoking his OSUP.

Respondents contend that release is not an appropriate remedy for the procedural due process violation. [Doc. 11 at 7]. But "the vast majority of courts have found that where respondents fail to provide notice of revocation and conduct an interview with a petitioner as is required by 8 C.F.R. § 241.4(l) and § 241.13(i), the '[p]etitioner's immediate release is required to return him to the status quo ante—the last uncontested status which preceded the pending controversy.'" *Virachak*, 2026 WL 746285, at *4 (collecting cases) (quoting *Nguyen*, 2025 WL 3250922, at *1); *see also Edlicico v. Baltasar*, No. 26-cv-02406-STV, 2026 WL 1745680, at *5 (D. Colo. June 17, 2026) ("[C]ourts across the country have found that immediate release is appropriate under similar circumstances." (collecting cases)). Consistent with this authority, the Court concludes that release is the appropriate remedy. Respondents **SHALL RELEASE** Mr. Rivera from custody, subject to the terms of his OSUP, **within 48 hours of the entry of this Order**.[3]

---

[3] Mr. Rivera asks the Court to declare that his detention violates the Due Process Clause, the INA, the APA, and *Accardi*. [Doc. 1 at 29]. In light of the relief ordered herein, this request is moot. *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333,

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)     The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2)     Respondents **SHALL RELEASE** Petitioner from custody, subject to the terms of his Order of Supervision, **within 48 hours of the entry of this Order**; and

(3)     Respondents **SHALL SUBMIT** a declaration pursuant to 28 U.S.C. § 1746 **within three business days** of this Order affirming Petitioner's release from custody.

DATED:  July 24, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

at *4 (D. Colo. Nov. 24, 2025).  Furthermore, to the extent Petitioner asks the Court to award attorney's fees and costs, *see* [Doc. 1 at 29], this District's Local Rules require that a request for attorney's fees be made by separate motion, *see* D.C.COLO.LCivR 54.3. Costs must be requested using the procedures specified in the Local Rules after a final judgment or order is entered.  D.C.COLO.LCivR 54.1.